[*General Term*, October, 1872.]

THE CITY OF CINCINNATI *v.* C. W. GREEN.

Where a plaintiff had rendered services to the city as pound-master for dogs, without objection on the part of the mayor, who alone was authorized to employ him, and his services had been useful and were necessary, and such as the city had paid for before, they were deemed to be accepted by the city, and the law implied a contract to pay a reasonable compensation therefor.

*James Saffin*, for defendant in error.

*Moore*, *Conner*, and *Warrington*, for plaintiff in error.

City of Cincinnati *v.* Green.

O'CONNOR, J. This is a proceeding in error to reverse a judgment obtained at Special Term, upon the grounds that the finding of the court is against the evidence, and that the judgment is against the law.

C. W. Green, the defendant in error, brought his action against the city to recover for his services as pound-master, having charge of a dog-pound for four months and seventeen days, between the months of May and September, 1869. The testimony shows that he had been pound-master under three successive mayors, immediately preceding the time for which he brings suit. In the early part of the summer of 1869, an employe of Mr. Keck had been sworn in as pound-master, but had resigned, and thereupon the mayor of the city notified the chief of police that he would have to look out for some other person to take charge of the matter. The chief of police sent for Green, the defendant in error, knowing him to be a suitable person. The conversation in reference to the employment took place between the chief and Green, in the mayor's office, the mayor being present, but, according to the testimony, not having heard it. Green testifies that the chief employed him to take charge of the pound at the old price of ninety dollars per month. The chief says that he had no authority to make such contract, and in fact did not make it, but told Green to take charge of the pound, and that the city would give him one dollar for each dog which he transferred to the fertilizing company, upon presenting the certificate of the company that they had received the same. The chief says, however, that Green understood he was to receive the old price of ninety dollars per month, in addition to one dollar for each dog.

The mayor of the city, in whom alone was vested the power to appoint a pound-master, testifies that he did not appoint Green, and made no agreement with him.

It is further in evidence that Green kept the pound; that its existence and his attendance as pound-master was generally known to the officers of the city, and that the chief of

police frequently sent him orders to release and deliver dogs to their owners, on the payment of one dollar each.

It is further in evidence, that Green received several hundred dollars from the city for dogs delivered to the fertilizing company, being paid one dollar each, and that he bought the dogs frequently for fifty cents or less.

Upon this state of facts, the judge at Special Term, to whom the case was submitted, found the issue for the plaintiff below, Green, and gave judgment in his favor for two hundred dollars. We are asked to reverse this judgment, on the ground that it is against the evidence in the case.

The finding of the judge at Special Term is entitled to the same consideration as the verdict of a jury, and we are not prepared to say that the evidence does not make out a case of at least an implied contract between the city and Green. The services he rendered were of the same kind that the city had paid him for rendering for several years previous. His services were useful to the city, and accepted by her, and either he or some other person must have been employed by the city to perform the same. The judgment rendered in his favor was for a reasonable amount under the circumstances, and, as we think it is sustained by the testimony, the same is affirmed. ·